JOHN GUTHREL, Respondent, v. WILLIAM E. GUTHREL and FRANK M. SLATER, Defendants, FRANK M. SLATER, Appellant.

St. Louis Court of Appeals. Argued and Submitted November 7, 1910. Opinion Filed November 29, 1910.

EVIDENCE: Conflicting Statements Made by Witness: Question for Jury. Where the testimony of a party is conflicting with itself, and his testimony is the sole testimony in the case, the question which version of the transaction given by him is correct is for the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Henry B. Davis* for appellant.

The court erred in refusing to give instruction No. 1 asked on behalf of defendant. Marble Co. v. Achuff, 83 Mo. App. 42; Weber Mfg. Co. v. Supply Co., 149 Mo. 538; Bank v. Powers, 134 Mo. 432; Barton v. Singleton, 128 Mo. 164; Shelly v. Booth, 73 Mo. 74; Jones on Chattel Mortgages, sec. 416.

*Charles H. Brock* for respondent.

The court did not err in refusing to give instruction No. 1 asked for by appellant, for the reason that the testimony of respondent on the question of fact involv-

ed herein, to-wit: whether or not he made an oral agreement permitting the mortgagor to sell a part of the mortgaged property, was conflicting and not beyond dispute. This question, then, was for the jury. Fleisher Bros. v. Hinde, 122 Mo. App. 218; McDonald v. Hoover, 142 Mo. 484.

REYNOLDS, P. J.—This is an action in replevin, originally brought by plaintiff before a justice of the peace in the city of St. Louis, to recover certain property claimed by him, the property then being in the hands of the defendant Slater, .under an execution issued against defendant William E. Guthrel, on a judgment against him in favor of one Cohen. On appeal to the circuit court and a trial there before the court and a jury, it appeared that the plaintiff held a chattel mortgage securing a note, the note being signed and chattel mortgage executed and properly acknowledged by William G. Guthrel, and duly recorded. It appears that the action by Cohen against William E. Guthrel was by attachment but that the constable was in possession of the property under general execution. The only testimony in the case, beyond the chattel mortgage and agreement of facts as to the aforesaid judgment, execution, levy and possession of the property by Slater as constable at the time it was replevied in this action, was that of the plaintiff John Guthrel. His testimony appears to be conflicting and not very consistent in itself, but we gather from it that he was a manufacturer's agent, selling furniture by sample; that he had samples of the goods that he was selling in a store of his own and apparently had some other furniture in the store outside of the samples; that the mode of conducting the business was to show the samples to prospective customers and if they purchased, plaintiff sent in the order to the manufacturer and the goods were furnished from the latter establishment, the samples always remaining in John Guthrel's possession unsold. He

sold out his business to William E. Guthrel about March 9, 1908, the sale covering these samples and also, as it is claimed, some other goods and fixtures, at the same time taking from William the note and mortgage. In one part of his testimony, John Guthrel denies authorizing William to sell any of the goods covered by the mortgage, but further along his testimony is subject to the contention of appellant, that he seems to admit that he sold to William E. Guthrel some articles other than the samples and not in the mortgage, which other articles William E. Guthrel was authorized to sell. But this is not very clear. It is pretty clear that the articles replevied were those covered by the mortgage.

The court, in its instructions to the jury, among other things, told the jury that plaintiff had a right to recover possession of the property referred to in the chattel mortgage, unless they found "that some personal property situated in the store No. 2251 S. Grand avenue, in possession of Wm. E. Guthrel at the date of said mortgage was agreed to be excluded from the terms of said mortgage, as in other instructions defined." In another instruction the court told the jury, among other things, that though they might find that the property in controversy was at the time of the issuance of the writ of replevin in the case in the possession of the defendant Slater in his official capacity as constable under legal process, if they further found and believed from the evidence that the defendant constable held the property under and by virtue of an execution in aid of a general judgment against William E. Guthrel, that this fact alone would constitute no legal bar to the recovery of plaintiff in this case as against the said Frank M. Slater, "unless you further find from the evidence in this case that there was personal property in the store at No. 2251 South Grand avenue, St. Louis, on March 9, 1908, belonging to William E. Guthrel, which it was agreed between himself and plaintiff, John Guthrel, at the time of executing said mortgage, or

thereafter, should be treated as not being covered by said mortgage, or if so. agreed might be sold and dealt with by William E. Guthrel without accountability to John Guthrel." Defendant Slater excepted to the giving of these instructions. The court at the instance of appellant told the jury that the chattel mortgage read in evidence covered all the property then owned by William E. Guthrel at No. 2251 South Grand avenue, and if the jury found from the evidence that at the time of making the chattel mortgage or thereafter it was agreed between John Guthrel and William E. Guthrel that the mortgage was not to cover any part of said personal property, then the jury should find for the defendant Slater. The jury were further instructed, at the instance of appellant, that if they believed from the evidence that at the time the chattel mortgage read in evidence was given by William E. Guthrel to John Guthrel, it was agreed between them that the chattel mortgage was only to cover the property furnished to William E. Guthrel by John Guthrel, and that the other property there situated at the premises described, if the jury found that there was other property belonging to defendant William E. Guthrel there, should remain the property of William E. Guthrel and should not be covered by the chattel mortgage and might be sold or dealt with by William E. Guthrel as his own, then the jury should find for the defendant Slater for the return of the property sued for and that the interest of Slater in the property is $306.28, and the jury should find the value of the property aforesaid and state the same in their verdict. Appellant further asked an instruction directing the jury to find for a return of the property mentioned and find the value of the property and that the interest of the defendant Slater in the property. was $306.28. This instruction the court refused, appellant excepting. Of its own motion the court gave the usual instruction as to the number of jurors required to concur in a verdict. The jury returned a

verdict in favor of plaintiff and that at the time of the commencement of the suit he was and still is entitled to the possession of the property described and assessed his damages for the detention of the property at the sum of one cent. In due time defendant Slater filed his motion for new trial and that being overruled perfected his appeal to this court.

The contention of the learned counsel for the appellant is directed to the refusal of the instruction for a finding in favor of the defendant Slater. While it is true that the evidence of plaintiff was conflicting with itself, the question of there being any secret agreement or arrangement between John and William E. Guthrel, by which the latter was allowed to sell part of the mortgaged property without accounting to the mortgagee for the proceeds was submitted to the jury by the instructions asked and given at the instance both of the plaintiff and of the defendant Slater, so that the court and jury had this witness before them, and it was for the jury to determine what version of the transaction given by plaintiff was correct. They were the sole judges on that point. It is also to be said with reference to this that most of the apparent conflict in the testimony of John Guthrel appears to have arisen over the testimony he gave at the trial and that which he appears to have given when his deposition was taken. At what time the latter occurred does not appear, as the deposition was not offered nor introduced as a whole. Reading over the abstract as prepared by the learned and careful counsel for the appellant, we are rather inclined to think that the conflict resulted more from misunderstanding of each other by counsel and witness than from contradictory testimony by the latter. At all events the jury are the ones to pass on this conflict and their attention was distinctly called to the importance and necessity of finding that there was or was not exclusion of any goods, or any secret agreement, outside of the mortgage, as to the sale, and of the effect

of such agreement, if found, by the instructions given at the request of each party. It is impossible to say that they were not warranted, with these instructions before them, in finding as they did. The judgment is affirmed. *Nortoni, J.,* and *Caulfield, J.,* concur.

